## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHMAEL A. BURK,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 22-CV-4747 |
| SGT. TAYLOR, *et al.*,<br>    *Defendants*. | : <br> : | |

### MEMORANDUM

**PAPPERT, J.**                                                                                                                                 **December 16, 2022**

      Ishmael A. Burk, an inmate currently housed at SCI Chester, filed an Amended Complaint in compliance with a prior Order of the Court.  (*See* ECF No. 5.)  Named as Defendants in the Amended Complaint are SCI Chester employees Sgt. Taylor, Lt. Prosser, and Ms. Quinn; nurses Ms. Bellinger and Ms. Mitchell; and Dr. Little.  In a separately filed pleading that the Court will construe as a supplement to the Amended Complaint (ECF No. 7), Burk also names C/O Bailey and C/O Aries as Defendants.[1]  Burk asserts civil rights claims against each Defendant, who are all named in their individual and official capacities.  For the reasons that follow, the Court will dismiss

---

[1] The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").  However, because Burk specifies that he does not want to otherwise change his Amended Complaint (*see* ECF No. 7 at 1) and adds the bases for his claims against Bailey and Aries, the Court will grant Burk's Motion to add them as Defendants and liberally construe the allegations in the additional pleading as included in the Amended Complaint.

the Amended Complaint in part and serve the balance of Burk's claims for a responsive pleading.

I[2]

Burk alleges that on August 9, 2022, he suffered an abdominal injury. (Am. Compl. at 5.) He was called to the prison property room where he vomited. (*Id.* at 12.) An unidentified Sergeant called the prison medical department and Defendants Mitchell and Bellinger responded. (*Id.*) They allegedly refused to examine Burk because his clothing was covered in vomit and left without providing any medical attention even though Burk complained of abdominal and kidney pain. (*Id.*) At a legal visit the same day, Burk tried to stand up but experienced cramping and fell into a chair. (*Id.*) An unidentified correctional officer called medical, and Mitchell and Bellinger arrived one hour later. (*Id.*) They refused to help Burk into a wheelchair, but the correctional officer did so. (*Id.* at 13.) Once in the medical unit, Burk tried to explain to Mitchell and Bellinger that he was in pain and his kidneys "were on fire." (*Id.*) Mitchell allegedly said she did not like Burk's attitude and sent for Defendant Little. (*Id.*) When he arrived, Dr. Little allegedly said, "oh great Mr. Burk I will not be helping him." (*Id.*) Burk asked to be taken to a hospital, but Little refused the request. (*Id.*) Burk then asked for a "white shirt" – i.e., a supervisor, to authorize him being sent to a hospital. (*Id.*)

---

[2] The allegations are taken from Burk's Amended Complaint (ECF No. 6), which consists of the Court's preprinted form complaint and additional handwritten pages, and his supplemental pleading (ECF No. 7). The Court adopts the pagination assigned to each pleading by the CM/ECF docketing system.

Apparently, this request was granted, and Burk was placed in a transport van, but the van had no working air conditioning on a hot day and the windows were closed. (*Id*. at 14.)  Sgt. Taylor refused Burk's request to open the windows and for water, telling Burk he would "survive." (*Id*.)  Taylor then left Burk alone in the van and Burk began to bang on the window to get the attention of Defendant Prosser. (*Id*.)  When Burk told Prosser he was dizzy and required medical attention, Prosser allegedly said "you caused Ms. Bellinger trouble and since you did that your [sic] going to stay a little longer in the transport van." (*Id*.)  Burk was left in the van alone for another 20 minutes. (*Id*.)  Burk filed grievances about his experience with Defendant Quinn. (*Id*.)  He appears to assert that Quinn denied his grievances as untimely. (*Id*. at 17.)

In the Supplement to the Amended Complaint, Burk specifies that it was C/O Aries who, when Burk was called to the property room and vomited, forced him to drink a large amount of water in order to administer a urine test. (ECF No. 7 at 2-3.)  He also states that Aries did not give him medical care when he vomited from the amount of water he was required to ingest. (*Id*.)  C/O Bailey was the person who allegedly locked Burk in the airless transport van and denied him medical care when he fainted from the heat. (*Id*. at 3-4.)

Burk alleges constitutional claims, seeks money damages and for "someone from the outside to review and update the grievance policy. (Am. Compl. at 5.)

## II

Because the Court granted Burk leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Burk is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

A

Burk names all Defendants in their official as well as individual capacities.  His claims against SCI Chester employees Taylor, Prosser, Quinn, Bailey and Aries are not plausible because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials like Taylor, Prosser, Quinn, Bailey and Aries acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*,

341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

It is unclear from Burk's Amended Complaint whether Defendants Bellinger, Mitchell and Little are employed by the Commonwealth at SCI Chester or by a private entity under contract to supply medical services. If they are employed by the Commonwealth, the official capacity claims against them are not plausible for the reason just stated. If they are employed by a private contractor, such claims are not cognizable because official capacity claims are inapplicable to employees of a private entity. *See Kreis v. Northampton Cty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") (citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit.")). Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985). Since Burk has not attempted to name that entity in the Amended Complaint, the official capacity

5

claims against employees of that entity are not plausible.  *Accord Burk v. West*, No. 21-4968, 2021 WL 5758945, at *2 (E.D. Pa. Nov. 24, 2021).

### B

Burk asserts a claim against Quinn based on her handling of the grievances he filed as a result of the incident he describes in the Amended Complaint.  Burk also seeks to have an outside party review and update the grievance policy at SCI Chester.  These claims are not plausible.

Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."  *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).  Accordingly, the facts alleged by Burk about grievances do not give rise to a plausible basis for a constitutional claim and the individual capacity claim against Quinn will be dismissed with prejudice.  *See also Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

### III

For the reasons stated, Burk's official capacity claims and his claims based on grievances will be dismissed with prejudice.  The balance of the claims in the Amended Complaint will be served for a responsive pleading.  An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**