## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISHMAEL A. BURK,

*Plaintiff,*

v.

SGT. TAYLOR, et. al.,

*Defendants.*

CIVIL ACTION
NO. 22-4747

**PAPPERT, J.**                                                      **November 28, 2023**

## MEMORANDUM

The Court discussed this case's factual background in a prior opinion. *See* (ECF 8). In summary, Ishmael Burk, an inmate at SCI-Chester, claims he was denied medical treatment for kidney and abdominal pain and subsequently left unattended in a hot van with no air conditioning. He sued various prison medical providers and guards under 42 U.S.C. § 1983, alleging violations of his First, Second, Eighth and Fourteenth Amendment rights. The medical providers, Requitta Bellinger, Shasta Mitchell and Dr. Paul Little, move to dismiss all counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6), and also argue Burk has failed to exhaust his administrative remedies.

As explained more fully in the accompanying Order, the Court will take up the exhaustion issue at the appropriate time, and consistent with the Third Circuit's requirements in *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018). For now, the Court grants the motion in part and dismisses the First, Second and Fourteenth Amendment claims, and denies the motion with respect to the Eighth Amendment

1

claim.  Accepting the allegations as true, Burk adequately alleges that Bellinger, Mitchell and Little were deliberately indifferent to his serious medical needs.

## I

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014)) (internal quotation marks omitted).  However, courts need not "accept mere[ ] conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 678–79). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.  Finally, the Court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." *Davis*, 824 F.3d at 341 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)) (internal quotation marks omitted).

## II

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is considered separately for each claim brought by an inmate. *Jones v. Bock*, 549 U.S. 199, 219–20 (2007). Failure to exhaust is an affirmative defense the defendant, not the prisoner-plaintiff, must plead and prove. *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013).

The medical providers argue Burk never filed a grievance—nor did anything go to final review—concerning the alleged denial of medical care. (Mot. To Dismiss, at 13, ECF 25). Burk claims he filed a grievance, which was denied. And he says he appealed the decision but was never informed of the result of the appeal despite numerous follow-up requests. (Resp. To Mot. To Dismiss, at 5, 6, ECF 28).

The exhaustion requirement "hinges on the 'availab[ility]' of the administrative remedy: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Under certain circumstances, a "nominally extant prison grievance policy is not truly an available remedy." *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019). If, as he claims, Burk pursued the grievance and appeal process with no result, the administrative remedies may have been unavailable. Given that "some form of notice to the parties and an opportunity to respond are needed before a district court elects to resolve factual disputes regarding exhaustion," further discovery and perhaps an evidentiary hearing is necessary. *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018).

III

To maintain a claim under 42 U.S.C. § 1983, "a plaintiff must show that the defendant deprived him of a right or privilege secured by the Constitution or laws of the

United States while acting under the color of state law." *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir. 1989). Analysis of such a claim begins by identifying the "exact contours of the underlying right said to be violated" and then "determining whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

### A

To establish a violation of the Eighth Amendment's ban on cruel and unusual punishment based on medical care, Burk must show deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). To act with deliberate indifference to such a medical need is to recklessly disregard "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Deliberate indifference may be shown by "intentionally denying or delaying medical care." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (quoting *Estelle*, 429 U.S. at 104). "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Id.* (quoting *Farmer*, 511 U.S. at 843).

The medical provider defendants characterize Burk's allegations as a disagreement in treatment and cite the presumption that the treatment of a prisoner is proper absent evidence it violates professional standards of care. *See, e.g., Brown v.*

4

*Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990).  But there is "a critical distinction between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment."  *Pearson v. Prison Health Service*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *United States ex. rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).  A claim that medical care was denied is "approached differently than an adequacy of care claim" insofar as the deliberate indifference prong carries no presumption the defendant acted properly.  *Id.* at 537.

Because Burk says he was denied care, he need only allege the medical defendants denied treatment with deliberate indifference.  *See McGinnis v. Hammer*, 751 F. App'x 287, 291 (3d Cir. 2018) (citing *Pearson*, 850 F.3d at 537).  As Burk tells it, Bellinger and Mitchell denied him medical care because he had thrown-up on his shirt. (Am. Compl. at 12, ECF 6).  He later allegedly said his "kidneys were on fire," but Bellinger would "not take [Burk's] vitals" and Mitchell purportedly mocked him after saying she "would not help him."  (*Id.* at 13).  Little allegedly saw Burk and said, "I will not be helping him," and refused to send him to the hospital despite Burk "begging" he do so.  (*Id.*)  Burk's assertions are not "mere allegations of malpractice" or a "disagreement as to the proper treatment," *see Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346.  If true, these allegations could establish a reckless disregard to his serious medical needs, namely, kidney and abdominal pain.  *See Pearson*, 850 F.3d at 538 (noting deliberate indifference has been found when "knowledge of the need for medical care is accompanied by the intentional refusal to provide it").

B

Burk's Fourteenth Amendment claim is foreclosed by the "more-specific-provision rule," *Betts v. New Castle Youth Development Center*, 621 F.3d 249, 261 (3d Cir. 2010), and he does not allege any facts indicating a procedural due process or equal protection claim.[1]  The Eighth Amendment is the "explicit textual source of constitutional protection" in the prison context, and Burk says Bellinger, Mitchell and Little failed to provide him medical care and ensure his safety, allegations that "fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment."  *See id*; *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("If a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

Burk's claims under the First and Second Amendments are also dismissed because none of his amended complaint's allegations, no matter how liberally construed, could pertain to either amendment.  Burk does not claim that his freedoms of speech or religion were circumscribed in any way, and none of his allegations relate to his right to bear arms, which since he is incarcerated, should not be an issue.

---

[1] Access to prison grievance procedures is not a constitutionally mandated right, and therefore any allegation of "improprieties in the handling" of such grievances does not state a cognizable claim under § 1983.  *See Williams v. Armstrong*, 566 F. App'x 106, 109 (3d Cir. 2014); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995) *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim).

IV

Though Federal Rule of Civil Procedure 15 instructs courts to "freely give" leave to amend, leave may be denied if, among other things, amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The gravamen of Burk's complaint against the medical defendants is that Bellinger, Mitchell and Little denied him care despite a serious need, an incident that has no relation to Burk's rights under the First or Second Amendment.  Moreover, any violation of Burk's Fourteenth Amendment substantive due process rights stemming from the denial of care is foreclosed by the more-specific-provision rule, and Burk does not allege the medical defendants deprived him of life, liberty or property without due process of law or that they engaged in conduct implicating the Equal Protection Clause.  Any attempt to revive these claims would be futile.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

7