IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISHMAEL A. BURK,<br><br>    *Plaintiff,*<br><br> v.<br><br>SGT. TAYLOR, et. al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 22-4747 |

### ORDER

**AND NOW**, this 28th day of November, 2023, upon consideration of Ishmael Burk's Amended Complaint (ECF 6), Defendants Requitta Bellinger, Shasta Mitchell and Paul Little, D.O.'s Motion to Dismiss (ECF 25), which raises, *inter alia*, the issue of whether Burk has exhausted his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)[1], Burk's Response (ECF 28), Defendant's Reply (ECF 31), and Burk's Reply (ECF 33) it is hereby **ORDERED** that:

---

[1]   The Prison Litigation Reform Act of 1995 ("PLRA") prevents prisoners from filing suit with respect to prison conditions under Section 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). Proper exhaustion requires an inmate to "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court. *Woodford*, 548 U.S. at 88. To determine whether Burk properly exhausted his claim, the Court must evaluate his "compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

  Exhaustion is mandatory, *Ross v. Blake*, 578 U.S. 632, 638 (2016), and applies "to all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is "a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (citation and internal quotation omitted); *see also Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("[E]xhaustion constitutes a preliminary issue for which no right to a jury trial exists."). It is the medical providers' burden to establish Burk's failure to exhaust because exhaustion is an affirmative defense. *Small*, 728 F.3d at 268.

1. Defendants' Motion to Dismiss claims under the First, Second and Fourteenth Amendments is **GRANTED**. Burk's claims against Bellinger, Mitchell and Little pursuant to those amendments are **DISMISSED** with prejudice.

2. Defendants' Motion to Dismiss claims under the Eighth Amendment is **DENIED**.

3. Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff. *Paladino v. Newsome*, 885 F.3d 203, 207 (3d Cir. 2018). Consideration of whether Burk properly exhausted his administrative remedies requires the Court to consider matters outside of the pleadings in the context of summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "[A] district court must—at a minimum—notify the parties that it will consider exhaustion in its role as a fact finder . . . before doing so." *Paladino*, 885 F.3d at 211; *see also* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

4. Defendants' Motion to Dismiss based on Burk's alleged failure to exhaust his administrative remedies is **DENIED** without prejudice to their ability to reassert the affirmative defense of failure to exhaust in a motion for summary judgment.

5. The Court is placing all parties on **NOTICE** that it will consider whether Burk has exhausted his administrative remedies with respect to any and all claims remaining in this case against any remaining Defendant in its role as a fact finder at the appropriate time.

6. Federal Rule of Civil Procedure 1 requires the Court and the parties to work together to secure the just, speedy and inexpensive determination of this case. Consequently, Plaintiff and Defendants shall, simultaneous with the submission of their Rule 26(f) report, submit a proposal addressing how the Court should proceed with respect to exhaustion. The proposal should address whether it would be appropriate to provide a limited opportunity for exhaustion-related discovery and an opportunity to file motions limited to exhaustion before the parties proceed to merits-related discovery.

3

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.